**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JESSE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-61-AGF |
| | ) | |
| JEFFERSON COUNTY SHERIFF DEPARTMENT, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented plaintiff Jesse Bell's motion for leave to proceed in forma pauperis. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $188.60. *See* 28 U.S.C. § 1915(b)(1). In addition, the Court will allow plaintiff the opportunity to submit an amended complaint.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

According to plaintiff's certified inmate account statement, he has an average monthly deposit of $943. In addition to his certified inmate account statement, plaintiff has filed an "Indigent Affidavit," stating "[t]he monies you will see on my inmate account [are] a result of stimulus and family support. I am in no way able to pay filing and/or attorneys' fees pursuant to this complaint." The Court will grant plaintiff's motion to proceed in forma pauperis, and will assess an initial partial filing fee of $188.60, which is twenty percent of his average monthly balance.

## Legal Standard on Initial Review

According to 28 U.S.C. § 1915(e)(2), this Court shall dismiss a complaint at any time if, *inter alia*, it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff, a pretrial detainee at the Jefferson County Jail, files this complaint pursuant to 42 U.S.C. § 1983 against the Jefferson County Sheriff's Department. Plaintiff claims that he was twice subjected to unlawful use of force in violation of the Fourth Amendment by officers of the Jefferson County Sheriff's Department. The first incident occurred on June 20, 2020, and the second occurred on November 15, 2020.

Plaintiff states he now suffers from anxiety and PTSD. He also states he suffers back and hip pain and ringing in his ears arising from the altercations. For relief, plaintiff seeks $10 million in damages, including punitive damages. Plaintiff also states he seeks the appointment of counsel.

### Discussion

Having carefully reviewed and liberally construed the complaint, the Court concludes that it must be dismissed. Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the Jefferson County Sheriff's Department. The Jefferson County Sheriff's Department is part of Jefferson County and is not a legal entity amenable to suit. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical

entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Because plaintiff's only named defendant, the Jefferson County Sheriff's Department, cannot be sued under § 1983 plaintiff's complaint must be dismissed for failure to state a claim.

Within his complaint, however, plaintiff makes allegations against individual officers working for the Jefferson County Sheriff's Department. If plaintiff seeks to bring a § 1983 action against these individual officers, he must file an amended complaint on a court-provided form. *See* Local Rule 2.06(A). Plaintiff is advised that the amended complaint will replace the original complaint. *E.g.*, *In re Wireless Tele. Federal Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on the court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must state every defendant that he wants to sue. If plaintiff is suing an individual, he must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. Plaintiff should also indicate whether he intends to sue the defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against the defendant.  If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant.  Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her.  *See* Fed. R. Civ. P. 18(a).  Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.  The Court will allow plaintiff thirty days to amend his complaint in accordance with these instructions.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel.  The motion will be denied at this time.  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case").  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting

testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $188.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS HEREBY ORDERED** that within **thirty (30) days** of the date of this Memorandum and Order, plaintiff shall file an amended complaint in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 3]

**If plaintiff fails to timely file an amended complaint in compliance with this Memorandum and Order, the Court may dismiss this action without prejudice and without further notice.**

Dated this 2nd day of April, 2021.

                                               */s/ Audrey G. Fleissig*
                                               AUDREY G. FLEISSIG
                                               UNITED STATES DISTRICT JUDGE