# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JESSE BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21-CV-61-AGF |
| | ) |
| JEFFERSON COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on initial review of self-represented plaintiff Jesse Bell's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. Having reviewed the amended complaint, the Court will order process to issue on defendants Christopher Gearon, David Rosner, Officer Richards, and Officer Rice in their individual capacities. The Court will dismiss the amended complaint as to defendants Jefferson County, Zachary Reed, and John Doe.

### Background

Plaintiff, a pre-trial detainee at the Jefferson County Jail, filed his original civil rights complaint against only the Jefferson County Sheriff's Department. On April 2, 2021, the Court conducted an initial review of plaintiff's original complaint pursuant to 28 U.S.C. § 1915(e). Plaintiff claimed that he was twice subjected to unlawful use of force in violation of the Fourth Amendment by officers of the Jefferson County Sheriff's Department.

On initial review, the Court dismissed plaintiff's complaint for failure to state a claim because the Jefferson County Sheriff's Department is part of Jefferson County and is not a legal entity amenable to suit. *See* ECF No. 6 at 3-4. The Court noted, however, that plaintiff had alleged several individual officers working for the Jefferson County Sheriff's Department had subjected

him to unlawful use of force. The Court allowed plaintiff to file an amended complaint if he sought to bring a § 1983 action against these individual officers.

## Legal Standard on Initial Review

According to 28 U.S.C. § 1915(e)(2), this Court shall dismiss a complaint at any time if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Amended Complaint**

On April 30, 2021, plaintiff filed his amended complaint. He names as defendants Jefferson County, and Officers Christopher Gearon, David Rosner, Zachary Reed, Unknown Richards, Unknown Rice, and John Doe. Plaintiff sues all defendants in their individual and official capacities. Plaintiff alleges that on two separate occasions he was subjected to the unlawful use of force by these officers of the Jefferson County Sheriff's Department. The first incident occurred on June 20, 2020, and the second incident occurred on November 15, 2020.

Plaintiff states that on June 20, 2020, he "was knocked through the front door of my home. I was held down and assaulted on both sides of my head leading to multiple injuries. This assault was conducted by Officer Gearon."[1] Plaintiff states that he suffers head trauma, anxiety, depression, head swelling, bruising, night terrors, severe hip pain, and ringing in his ears as a result of this incident.

As to his second claim of excessive force, plaintiff does not present a cohesive narrative. He states that on November 15, 2020, he went to retrieve a tractor he was given. Defendant Officers Reed and Rosner apparently arrived on the scene and treated the situation as a robbery.[2] These officers reported to dispatch that plaintiff had a weapon. A high-speed chase ensued, ending on Click Road in Washington County with Officers Rosner, Richards, Rice, and John Doe pulling plaintiff from his vehicle and beating him about his head and face with their fists and batons.

---

[1] Plaintiff has been charged with the following crimes arising out of his June 20, 2020 arrest: (1) stealing $25,000 or more; (2) resisting/interfering with arrest for a felony; and (3) property damage in the first degree. *See State v. Bell*, No. 20JE-CR04996-01 (23rd. Jud. Cir. filed Mar. 22, 2021). His jury trial is set for January 3, 2022. *Id.*

[2] Plaintiff has been charged with the following crimes arising out of his November 15, 2020 arrest: (1) resisting/interfering with arrest for a felony; (2) stealing $750 or more; (3) tampering with a motor vehicle in the first degree; and (4) possession of a controlled substance except 35 grams or less of marijuana/synthetic cannabinoid. *See State v. Bell*, No. 20JE-CR04564 (23rd Jud. Cir. filed Apr. 27, 2021). His jury trial is set for January 3, 2022. *Id.*

Plaintiff states that as a result of this incident, he suffers a concussion and closed head injury, lacerations of the face and forearms, bleeding from his ears, contusions, post-traumatic stress disorder, mental trauma, anxiety, depression, and erectile disfunction.

For relief, plaintiff seeks $10,000,000.00 in damages. He also requests that all six defendant officers be reprimanded and required to take sensitivity training. "I believe these men want to be good officers, but need a reminder of the higher standard they swore to uphold themselves to."

## Discussion

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018); *see also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation of this right is sufficient to support an action under § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018).

Plaintiff alleges officers from the Jefferson County Sheriff's Department knocked him through a door and on a later date pulled him from his vehicle and beat him with their fists and batons after a high speed chase. Plaintiff allegedly suffered a concussion, closed-head injury, lacerations of the face, bruising, bleeding from the ears, PTSD, mental trauma, depression, anxiety and erectile disfunction. Having carefully reviewed and liberally construed the amended complaint, the Court concludes that plaintiff has stated a plausible claim of excessive force against Officer Christopher Gearon, Officer David Rosner, Officer Richards, and Officer Rice. The Court will order process to issue as to these officers in their individual capacities.

The Court will dismiss, however, plaintiff's claims brought against these officers in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Here, plaintiff has not established Jefferson County's liability for any allegedly unconstitutional conduct, and therefore his official capacity claims against defendants Gearon, Rosner, Richards, and Rice will be dismissed.

As to Officer Reed, plaintiff alleges only that Reed reported plaintiff as having a weapon during the alleged robbery on November 15, 2020. Plaintiff makes no allegations of excessive force against Officer Reed, and asserts no constitutional violations. Because plaintiff has not stated a plausible claim that Officer Reed violated his constitutional rights, the Court will dismiss the amended complaint as to Officer Reed.

As to John Doe, plaintiff states he is "waiting on verification" of this officer's name. Generally, it is impermissible to name fictitious parties as defendants. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F. 3d 35, 37 (8th Cir. 1995). An action may proceed against an unknown party as long as the complaint makes "allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg*, 56 F.3d at 37. Here, plaintiff has not made any allegations specific to John Doe. He states only that John Doe is a "peace officer." The Court cannot serve an unknown defendant. The Court will dismiss without prejudice John Doe. If through discovery plaintiff verifies this officer's identity, he may seek leave to file an amended complaint.

Finally, plaintiff's allegations against Jefferson County will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). As the Court stated in its initial review of plaintiff's original complaint, Jefferson County is not a legal entity amenable to suit. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Because Jefferson County cannot be sued under § 1983, plaintiff's amended complaint brought against Jefferson County must be dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to defendants Christopher Gearon, David Rosner, Officer Richards, and Officer Rice in their individual capacities.

**IT IS FURTHER ORDERED** that the plaintiff's amended complaint brought against defendants Christopher Gearon, David Rosner, Officer Richards, and Officer Rice in their official capacities is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the plaintiff's amended complaint brought against defendants Jefferson County, Zachary Reed, and John Doe is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that in accordance with plaintiff's requests, the Clerk of Court shall mail to plaintiff a copy of his amended complaint filed April 30, 2021.  *See* ECF Nos. 9 and 10.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 26th day of July, 2021.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE