# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JESSE BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:21-cv-00061-AGF |
| | ) |
| JEFFERSON COUNTY SHERIFF DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion to stay this case pursuant to *Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 166 L.E.2d 973 (2007). (Doc. No. 20). Plaintiff, acting *pro se*, brings this action pursuant to 42 U.S.C. § 1983, raising two claims of excessive force. The first claim relates to his arrest on June 20, 2020,[1] and the second relates to his arrest on November 15, 2020.[2] Plaintiff's underlying criminal cases are still pending in state court. Plaintiff has opposed Defendants' Motion. (Doc. Nos. 28-

---

[1] Plaintiff has been charged with the following crimes arising out of his June 20, 2020 arrest: (1) stealing $25,000 or more; (2) resisting/interfering with arrest for a felony; and (3) property damage in the first degree. *See State v. Bell*, No. 20JE-CR04996-01 (23rd Jud. Cir. filed Mar. 22, 2021). His jury trial is set for January 3, 2022. *Id.*

[2] Plaintiff has been charged with the following crimes arising out of his November 15, 2020 arrest: (1) resisting/interfering with arrest for a felony; (2) stealing $750 or more; (3) tampering with a motor vehicle in the first degree; and (4) possession of a controlled substance except 35 grams or less of marijuana/synthetic cannabinoid. *See State v. Bell*, No. 20JE-CR04564 (23rd Jud. Cir. filed Apr. 27, 2021). His jury trial is set for January 3, 2022. *Id.*

29). After careful review of the record, the Court will grant the Defendant's motion to stay.

**Discussion**

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace,* 549 U.S. at 397, 127 S.Ct. at 1100. The Court noted it is "common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 394, 1098. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* (internal citation omitted).

The *Wallace* plaintiff alleged a claim for false imprisonment, while Plaintiff here alleges claims for excessive force. However, the same concerns underlying *Wallace* are applicable here. A "claim of excessive force used by defendants in effecting the arrest will necessarily be dependent upon the factual outcome of the pending criminal proceeding." *Lewis v. Smith*, No. 4:21-CV-610-NAB, 2021 WL 3268350, at *3 (E.D. Mo. July 30, 2021) (staying § 1983 case alleging excessive force until underlying criminal matter against the plaintiff is resolved); *Wheelis v. Ball*, No. 4:20-cv-446-NAB, 2020 WL 4368094, at *2 (E.D. Mo. July 30, 2020) (staying claims of illegal seizures and excessive force until conclusion of criminal felon in possession charge). Plaintiff argues

that "No matter the outcome of Plaintiff's pending charges, it doesn't change the fact that these Deputies used excessive force" and "No pending charge defines excessive force." (Doc. No. 28 at 4).

While Plaintiff is correct that the outcome of his criminal trials is not determinative of his civil claims, the same questions of fact—whether officers had probable cause to believe Plaintiff had violated the law and to what extent Plaintiff resisted the officers—will underly both trials.  "Moreover, Plaintiff is acting in this civil case as a *pro se* litigant, and without the benefit of counsel to guide him and perhaps protect his Fifth Amendment rights which may be implicated if this civil case proceeds with discovery and evidentiary hearings." *Lewis*, 2021 WL 3268350, at *3 (quoting *Combs v. Nelson*, No. 4:09-CV-00329 SWW, 2009 WL 2044413, at *3 (E.D. Ark. July 10, 2009)).

After careful consideration, the Court finds that the principles established in *Wallace v. Kato* counsel that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal charges pending against plaintiff are resolved.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay is **GRANTED**. (Doc. No. 20).  All proceedings in this case are **STAYED** pending final disposition of the state court criminal proceedings against Plaintiff in *State v. Bell*, No. 20JE-CR04996-01 (23rd Jud. Cir. filed Mar. 22, 2021) and *State v. Bell*, No. 20JE-CR04564 (23rd Jud. Cir. filed Apr. 27, 2021), followed by the final disposition of any appellate proceedings.

**IT IS FUTHER ORDERED** that Plaintiff shall notify this Court in writing concerning the final disposition of the state criminal charges pending against him in *State v. Bell*, No. 20JE-CR04996-01 (23rd Jud. Cir. filed Mar. 22, 2021) and *State v. Bell*, No. 20JE-CR04564 (23rd Jud. Cir. filed Apr. 27, 2021) within thirty (30) days after the final disposition of the charges.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending the final disposition of the state criminal charges pending against Plaintiff, and may be reopened by Plaintiff's filing a motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that Plaintiff's Pro Se Motion for Discovery is **DENIED** as moot. (Doc. No. 25). Plaintiff may re-file his motion after the stay is lifted.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of October, 2021.