UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:21-cv-00061-AGF |
| | ) |
| JEFFERSON COUNTY SHERIFF | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's second motion to lift the stay entered in this case and proceed to discovery. (Doc. No. 37). Plaintiff, acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983, raising two claims of excessive force. The first claim relates to his arrest on June 20, 2020,[1] and the second relates to his arrest on November 15, 2020.[2] The Court previously stayed this case pending the final disposition of the state court criminal proceedings against Plaintiff in *State v. Bell*, No. 20JE-CR04996-01 (23rd Jud. Cir. filed Mar. 22, 2021) and *State v. Bell*, No. 20JE-CR04564

---

[1] Plaintiff has been charged with the following crimes arising out of his June 20, 2020 arrest: (1) stealing $25,000 or more; (2) resisting/interfering with arrest for a felony; and (3) property damage in the first degree. *See State v. Bell*, No. 20JE-CR04996-01 (23rd Jud. Cir. filed Mar. 22, 2021).

[2] Plaintiff has been charged with the following crimes arising out of his November 15, 2020 arrest: (1) resisting/interfering with arrest for a felony; (2) stealing $750 or more; (3) tampering with a motor vehicle in the first degree; and (4) possession of a controlled substance except 35 grams or less of marijuana/synthetic cannabinoid. *See State v. Bell*, No. 20JE-CR04564 (23rd Jud. Cir. filed Apr. 27, 2021).

(23rd Jud. Cir. filed Apr. 27, 2021), followed by the final disposition of any appellate proceedings.

A review of the dockets for the underlying criminal charges reveals Plaintiff pled guilty to both charges on October 19, 2021 and was sentenced the same day.  Pursuant to Missouri Supreme Court Rule 24.035, a person convicted of a felony on a guilty plea may challenge the conviction or sentence imposed for up to 180 days after the date the sentence is entered.  The Court entered a stay in this case because the same questions of fact at issue here underly the criminal proceedings and Plaintiff does not have counsel to protect his Fifth Amendment rights in this matter.  Plaintiff may still challenge his convictions or sentences, but the reasons underlying the stay are no longer as compelling.  Moreover, Plaintiff has made it clear that he wishes to proceed expeditiously on his claims before the Court.  In light of these factors, it appears that it may be appropriate to lift the stay at this time and proceed with discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall show cause why the stay should not be lifted by **December 3, 2021**.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2021.