UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00061-AGF |
| | ) |
| JEFFERSON COUNTY SHERIFF DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's *pro se* motion titled "Motion to Suppress/Release/Bring forward all evidence." (Doc. No. 51). In his motion, Plaintiff requests certain discovery including 1) dashboard camera and body camera footage made by the Jefferson County Sheriff's Office of Plaintiff's arrests on June 20, 2020 and November 15, 2020; 2) the accident and towing reports related to Plaintiff's arrests; 3) subpoenas to individuals "that work for Ives Towing, Hillsboro, MO"; 4) subpoenas for Festus Memorial Hospital staff involved in treating Plaintiff on November 15, 2020 in regards to "falsified information"; 5) unredacted copies of "Disclosure Reports"; 6) testimony from Officer Gearon, Officer Rosner, and Officer Read in the 23rd Judicial Courts of Jefferson County in his underlying criminal cases; 7) information about the impounding of Plaintiff's vehicle; and 8) Plaintiff's mental health records from the Jefferson County Jail and Department of Corrections. *Id*. Defendants did not file a timely response and the Court ordered them to show cause why Plaintiff's motion should

not be granted.  (Doc. No. 52).  Defendants then filed a response in opposition, (Doc. No. 53), and Plaintiff filed a reply.  (Doc. No. 54).  Defendants filed a motion for leave to file a surresponse.  (Doc. No. 55).  The Court will grant Defendant's motion for leave to file a surresponse.  The Court will grant Plaintiff's motion in part and deny it in part.

I. **Production of Documents from the Defendants**

**Dashboard and Body Camera Footage**

In his first request, Plaintiff asks the Court to compel production of dashboard or body camera footage taken by Jefferson County Sheriff's Office police officers on the dates of Plaintiff's arrests of him.  Defendants note that their Rule 26 Initial Disclosures identify and describe all video recordings in their possession and control, and that the recordings are available for inspection at a mutually agreed upon time and date.  Defendants explain that the only video recordings in their possession are three video recordings provided by Plaintiff's girlfriend to the Jefferson County Sheriff's Office.  Plaintiff filed a reply, arguing that the Jefferson County Sherriff's Department does take dashboard and body camera footage and he is entitled to the recorded footage.  (Doc. No. 54).  In their surresponse, Defendants state that the Jefferson County Sheriff's Office vehicles are not equipped with dash cameras and deputies do not wear body cameras.  Defendants have explained that they do not have dashboard or body camera footage of Plaintiff's arrests.  They cannot be compelled to produce what they do not have.  *See List v. Carwell*, No. 18-CV-2253 (DSD/TNL), 2020 WL 5988514, at *6 (D. Minn. Oct. 9, 2020) ("A party cannot be compelled to produce what it does not have.").  As such, Plaintiff's motion will be denied.

**Accident, Towing, and Impound Reports**

Plaintiff requests any accident or towing reports related to his underlying arrests and "knowledge of the impound date of truck I was driving on 11-15-20 and release date of same truck and knowledge of investigating parties of same truck." (Doc. No. 51 at 2). Defendants state that they have already produced the accident and towing reports as well as the information about the impounding of Plaintiff's vehicle, which Plaintiff does not dispute. As such, the motion will be denied.

**Unredacted Administrative Investigation**

Plaintiff requests Defendants produce an unredacted copy of the "Disclosure Report." Defendants explain the "Disclosure Report" is an Administrative Investigation and oppose the request because the redacted information includes confidential information about third parties and excerpts from third party inmate records, none of which are relevant to Plaintiff's claim. Plaintiff does not dispute that the only redacted information in the report concerns third parties and is not relevant to his claims, so the Court will deny Plaintiff's motion.

**Testimony from Officers Gearon, Rosen, and Reed**

Plaintiff also seeks the "recorded testimony" from Officer Gearon regarding the date of June 20, 2020, and the "recorded testimony" from Officers Rosner and Reed "from date of arrest of 11-14-20 in the 23rd Judicial Courts of Jefferson County Hillsboro, Mo Division 12 Judge Mansala." (Doc. No. 51). It is unclear what testimony Plaintiff is seeking. To the extent Plaintiff seeks statements made by the officers in connection with his arrests, Defendants have responded that they produced such statements to

Plaintiff.  To the extent Plaintiff is requesting "recordings" of statements, Defendants have responded that there are no such recordings.

To the extent Plaintiff is seeking transcripts of Officer Gearon, Rosner, and Reed's testimony in Plaintiff's underlying criminal cases, it is unclear whether any such transcripts exist.  *See State v. Bell*, No. 20JE-CR04996-01 (23rd Jud. Cir. filed Mar. 22, 2021); *State v. Bell*, No. 20JE-CR04564 (23rd Jud. Cir. filed Apr. 27, 2021).  If the Officers testified in his underlying criminal cases, and Defendants have copies of the transcripts, Defendants should provide copies to Plaintiff.  If Defendants do not have such transcripts or no transcripts of any such testimony were made, Plaintiff may request transcripts from the 23rd Judicial Circuit court reporter.  *See* Circuit 23 Local Court Rules, Rule 23 Transcripts.  However, pursuant to the 23rd Judicial Circuit's local rules, the requesting party must pay for the cost of preparing the transcript.  The issuance of a subpoena is not required, and Plaintiff is directed to seek any transcripts from the 23rd Judicial Circuit directly.

## II.     Discovery from Third Parties

A number of Plaintiff's requests ask the Court to either issue subpoenas to or compel the production of documents from third parties.  The Court has discretion whether to grant or deny subpoenas for indigent parties.  *Williams v. Carter*, 10 F.3d 563, 566 (8th Cir. 1993).  "This power should be exercised to protect the resources of the Court and the Marshal Service, and to prevent harassment and undue expense of other parties and non-parties."  *Stockdale v. Stockdale*, 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009).  Courts generally "consider factors such as the relevance and

materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case." *Id*. The Court may deny a request for a subpoena if it is frivolous, immaterial or unnecessary, unduly burdensome, would result in costs the indigent cannot provide, or is otherwise unreasonable. *Id*.

Additionally, although Plaintiff has been granted in forma pauperis status under 28 U.S.C. § 1915, nothing in the statute authorizes or permits the Court to waive the expense requirements of Federal Rule of Civil Procedure 45. *See generally McNeil v. Lowney,* 831 F.2d 1368, 1373 (7th Cir. 1987); *Badman v. Stark,* 139 F.R.D. 601, 605–06 (M.D. Pa. 1991); *Leadbetter v. City of Fort Wayne,* 2007 WL 2323109, at *2 n. 2 (N.D. Ind. Aug. 10, 2007) (citing cases).

Plaintiff asks the Court to issue subpoenas for unidentified employees of Ives Towing and Festus Memorial Staff, respectively. The Eastern District of Missouri Local Rules govern the issuance of subpoenas in actions involving self-represented litigants. Local Rule 2.06(C) provides that pro se litigants like Plaintiff must file a written request for the issuance of any witness subpoenas. The request must set forth the name and address of each witness for whom the subpoena is sought, along with a brief summary of the substance of each witness's anticipated testimony.

Plaintiff has not provided the names or addresses of the witnesses, nor has he provided any summary of the anticipated testimony of the Ives Towing employees. Although Plaintiff explains that he seeks to depose the employees of Festus Memorial Hospital about "Falsified Information of a motor vehicle accident regarding [Plaintiff] and Jefferson County Officers," this brief description does not provide sufficient

information for the Court to determine the relevance and materiality of the information requested or the necessity of the testimony to Plaintiff's case.  As such, the Court will deny Plaintiff's motion without prejudice.  Plaintiff may refile his motion for subpoenas *ad testificandum* and include the information set forth above.  However, the Court notes that should Plaintiff be allowed to proceed under Rule 45, he will be required to tender the fees for one day's attendance and the mileage allowed by law to the witnesses.  Statutory witness fees are set out in 28 U.S.C. § 1821(b)(c).

Plaintiff also requests a subpoena for "all mental health records from the Jefferson County Jail and Department of Corrections for Jesse Allen Bell for evidence."  Defendants explain that they produced the Jefferson County Jail documents in their Initial Disclosures, which Plaintiff does not dispute.  However, Defendants state they do not have Plaintiff's Department of Corrections records.  Plaintiff must submit his request using the proper form for subpoenas *duces tecum*.  The Court will direct the Clerk to enclose one blank form AO 88-B with this Order.

Accordingly,

**IT IS HEREBY ORDERED** that to the extent Plaintiff's discovery motion seeks to compel production of documents from Defendants, it is **GRANTED** to the extent Defendants have transcripts of the officers' testimony, but otherwise it is **DENIED with prejudice**.  Within **seven days** of the date of this order, Defendants shall file a response stating whether any of the officers testified at trial and if so, whether a transcript of their testimony was made and will be produced by Defendants.

**IT IS FURTHER ORDERED** that to the extent Plaintiff's motion requests the

issuance of subpoenas against third parties, it is **DENIED without prejudice**. (Doc. No. 51). The Clerk is directed to provide to Plaintiff with this Order one blank form subpoenas *duces tecum* (AO 88-B).

      **IT IS FURTHER ORDERED** that Defendants' motion for leave to file a surresponse is **GRANTED**. (Doc. No. 55).

                                                      AUDREY G. FLEISSIG
                                                        UNITED STATES DISTRICT JUDGE

Dated this 30th day of June, 2022.