# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| JESSE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00061-AGF |
| | ) | |
| JEFFERSON COUNTY SHERIFF | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff's motion requesting the issuance of three subpoenas for the production of documents, (Doc. No. 63), Plaintiff's supplemental request for an additional subpoena, (Doc. No. 65), and Plaintiff's request for counsel in his supplement to his request for subpoenas.  (Doc. No. 66).  Plaintiff filed this prisoner civil rights case under 42 U.S.C § 1983 alleging Jefferson County Sheriff's Department Officers used excessive force against him when arresting him on two separate occasions.  Plaintiff previously requested similar information from third parties.  (Doc. No. 51).  The Court denied Plaintiff's motion, noting that, although Plaintiff was granted in forma pauperis status under 28 U.S.C. § 1915, nothing in the statute authorizes or permits the Court to waive the expense requirements of Federal Rule of Civil Procedure 45.  *See generally McNeil v. Lowney,* 831 F.2d 1368, 1373 (7th Cir. 1987); *Badman v. Stark,* 139 F.R.D. 601, 605–06 (M.D. Pa. 1991); *Leadbetter v. City of Fort Wayne,* 2007 WL 2323109, at *2 n. 2

(N.D. Ind. Aug. 10, 2007) (citing cases).  (Doc. No. 57 at 5).  Plaintiff now seeks four subpoenas.

First, Plaintiff seeks information from Dave Marshak, the Sheriff of Jefferson County including: 1) a list of every officer and patrol car involved with his arrests, 2) a list of all officers and patrol cars equipped with body cameras or dashboard cameras, 3) video footage from body cameras or dashboard cameras of Plaintiff's arrests, and 4) funding the Sheriff's Department received for body or dashboard cameras. Second, Plaintiff seeks information from Ives Towing regarding: 1) an accident report involving Plaintiff's truck, 2) impound records, and 3) any additional information, pictures, or records of Plaintiff's truck.  Third, Plaintiff seeks information from Mercy Hospital including hospital records related to Plaintiff's motor vehicle crash and the identity of the individual who told the hospital that Plaintiff was in the accident on November 15, 2020.  Finally, Plaintiff seeks home security footage from the Jeffry Belt from the date of his arrest on November 15, 2020. (Doc. No. 65).  Plaintiff has not explained how he will provide the necessary costs.

The Court has discretion whether to grant or deny subpoenas for indigent parties. *Williams v. Carter*, 10 F.3d 563, 566 (8th Cir. 1993).  "This power should be exercised to protect the resources of the Court and the Marshal Service, and to prevent harassment and undue expense of other parties and non-parties." *Stockdale v. Stockdale*, 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009).  Courts generally "consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case." *Id*.  The Court may deny a request for a subpoena if it is frivolous, immaterial or unnecessary, unduly

burdensome, would result in costs the indigent cannot provide, or is otherwise unreasonable. *Id*. A subpoena imposes an undue burden on a non-party when the same information is available but not first sought from a party. *In re Cantrell v. U.S. Bioservices Corp.*, 09-MC-0158-CV-W-GAF, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009).

The Court will deny Plaintiff's requests for subpoenas without prejudice.  Plaintiff's proposed subpoena to Mr. Marshak seeks information which Plaintiff can request directly from the Defendants in this matter.  Plaintiff does not indicate that he has sought the information from Defendants, and as such the subpoena would impose an undue burden.  To the extent Plaintiff seeks information regarding alleged body or dashboard camera footage, the Court notes that Defendants have already explained that their officers are not equipped with body cameras and their vehicles are not equipped with dashboard cameras.  (Doc. No. 55).  Though Plaintiff asserts that at least some officers from Jefferson County must be equipped with such cameras, he provides no evidence to substantiate his claims.  (Doc. No. 66).  Plaintiff's request for footage or information regarding alleged body or dashboard cameras is therefore frivolous.

Plaintiff's second request seeks information from Ives Towing about the impounding of his vehicle related to one of his arrests.  Although Defendants indicated that they have provided all accident and towing reports related to Plaintiff's arrest in their records, it is unclear whether Plaintiff has received the information he now seeks.  (Doc. No. 53 at 3). The Court accepts that these documents may be relevant and necessary to his case. However, Plaintiff has not indicated how he will pay for the subpoena.  As such, the Court will deny Plaintiff's motion for a subpoena of Ives Towing without prejudice.

Similarly, Plaintiff's third request, for information from Mercy Hospital staff, also lacks information regarding how he will pay for the subpoena.  Defendants have already provided Plaintiff with the Mercy Hospital Jefferson medical records from November 15, 2020.  (Doc. No. 53 at 3).  However, it is not clear whether these documents have fully satisfied Plaintiff's requests for information. The Court therefore accepts that the information may be relevant and necessary but denies the motion for the subpoena of Mercy Hospital staff without prejudice for want of information regarding payment of the necessary costs of the subpoena.

Plaintiff's final request for a subpoena seeks security footage from Mr. Belt. (Doc. No. 65). Plaintiff states that Mr. Belt's wife, Laura Belt, told him that attorneys from the firm representing Defendants asked Mr. Belt about the video, but did not take the video from him. *Id*. However, from Plaintiff's filing, it appears that he is in contact with those in possession of the requested video. Plaintiff has not explained why he is unable to obtain the video directly from the Belts; issuing the subpoena may therefore constitute an undue expense. *See Par Pharmaceutical, Inc. v. Express Scripts Specialty Distribution Services, Inc.*, No. 4:17MC510 RLW, 2018 WL 264840, at *2 (E.D. Mo. Jan. 2, 2018)(citing *Enter Holdings, Inc. v. McKinnon*, No. 4:14MC00516 AGF, 2014 WL 5421224, at *1 (E.D. Mo. Oct. 23, 2014)(noting that courts are "directed to 'give special consideration in assessing whether the subpoena subjects a non-party to annoyance or an undue burden or expense'"). Furthermore, as with his other requests for a subpoena, Plaintiff has failed to explain how he will pay for the subpoena costs in this request. The motion for a subpoena of Jeffry Belt is therefore denied without prejudice.

Should Plaintiff choose to refile his motion, he should complete the appropriate subpoena forms and return them to the Court along with a Memorandum for Clerk requesting that the subpoena be served by the U.S. Marshal. The Memorandum for Clerk should include the following information: (1) the name of the person or entity Plaintiff seeks to serve; (2) the specific document Plaintiff seeks; (3) how the specified document is relevant to his case; (4) why Plaintiff believes the person or entity to be subpoenaed has possession of the documents; and (5) how Plaintiff will provide the necessary costs. The Court retains the discretion to refuse to issue Rule 45 subpoenas to non-parties if Plaintiff does not provide the required information in the Memorandum for Clerk, or if the Court believes the requests are frivolous or otherwise improper.  Importantly, the subpoena form will need to be signed by the Clerk after it is returned to the Court, so **Plaintiff should not sign the subpoena form**.

The Court will also deny Plaintiff's sixth request for counsel. (Doc. No. 65).  Plaintiff requests appointment of counsel due to his mental conditions of post-traumatic stress disorder and depression.  This Court has denied Plaintiff's request for appointment of counsel five times because Plaintiff demonstrated he could adequately present his claims and the factual and legal issues in this case are not unduly complex.  (Doc. Nos. 6, 22, 26, 44, 48).  It does not appear that appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion requesting the issuance of a subpoena is **DENIED without prejudice**.  (Doc. No. 63).

**IT IS FURTHER ORDERED** that Plaintiff's supplemental request for a subpoena is **DENIED without prejudice.**  (Doc. No. 65). The Clerk is directed to provide to Plaintiff with this Order one blank form subpoenas *duces tecum* (AO 88-B).

**IT IS FURHTER ORDERED** that Plaintiff's sixth request for appointment of counsel is **DENIED without prejudice.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of September, 2022.