UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE A. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00061-AGF |
| | ) | |
| CHRISTOPHER GEARON, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's response to the Court's order denying his motions for a subpoena, (Doc. No. 70), and his motion to obtain recorded testimony. (Doc. No. 72), as well as Defendants' motion to substitute Defendant Chad Richards with Deputy Derek Richard. (Doc. No. 75). Plaintiff filed this prisoner civil rights case under 42 U.S.C. § 1983, alleging that Jefferson County Sheriff's Department officers used excessive force against him when arresting him on two separate occasions. First, Plaintiff alleges that Defendant Gearon held him down and assaulted him on his head after pushing him through the door of his house on June 20, 2020. (Doc. No. 11 at 2). Second, Plaintiff claims that Defendants Reed, Rosner, Richards, and Rice pulled Plaintiff from his vehicle and hit him about his head and face with their fists and batons while arresting Plaintiff for an alleged robbery on November 15, 2020. (*Id*. at 3).

On August 22, 2022, Plaintiff filed a supplemental motion requesting that the Court issue a subpoena to Mr. Jeffry Belt, who Plaintiff alleges possesses a video

showing someone shooting a gun at Plaintiff.  (Doc. No. 65).  Plaintiff claims that this video will demonstrate that the officers' reports and testimonies are inconsistent with what actually occurred in the events at issue in this case.  *See* (Doc. No. 70 at 1).  Defendants have not filed a response to this motion, and the time to do so has elapsed.  The Court previously denied Plaintiff's previous motion for a subpoena for Mr. Belt's video because Plaintiff failed to explain why he could not obtain the video from Mr. Belt directly.  (Doc. No. 68).  The Court explained that, if Plaintiff chose to refile his motion, he should also provide a Memorandum for Clerk stating: (1) the name of the person or entity Plaintiff seeks to serve, (2) the specific document Plaintiff seeks, (3) how the specified document is relevant to his case, (4) why Plaintiff believes the person or entity to be subpoenaed has possession of the documents, and (5) how Plaintiff will provide the necessary costs.  (*Id*. at 5).[1]

Plaintiff explains that Mr. Belt will not talk with him, and that that the document is relevant as it demonstrates the events at question in this case.  (Doc. No. 70).  He claims that the video will show someone shooting a gun at him on November 5, 2020.  (Doc. No. 70).  According to Plaintiff, this video would contradict the defendants' testimony

---

[1]   The Court also previously denied Plaintiff's motion for subpoenas *ad testificandum* for unidentified employees of Ives Towing and Festus Memorial Staff because Plaintiff was not able to pay the fees required under Federal Rule of Civil Procedure 45(b)(1).  (Doc. No. 57).  However, because issuance of a subpoena *duces tecum* does not require the attendance of the subpoenaed person, Rule 45 does not require the moving party to tender fees prior to the issuance of the subpoena.  *See Jackson v. Brinker*, Case No. IP 91-471-C, 1992 WL 404537, at *2-3.  Instead, when issuing a subpoena *duces tecum*, the compliance costs are discretionary, and the issue of cost apportionment arises only after, "and *if*, the non-party objects *and* the requesting party makes a motion to compel compliance[.]"  *Id*. at *4 (emphasis in original).

from cases in which the defendants testified against Plaintiff.  Plaintiff also provides a Memorandum for Clerk meeting the requirements the Court outlined when first denying his request for a subpoena to Mr. Belt.  (Doc. No. 70, Exh. 1).  As Plaintiff has sufficiently explained the relevance of the video to his case, and Defendants do not contest that relevance, the Court will grant Plaintiff's motion for a subpoena *duces tecum* for Mr. Belt, which requests production of the video.

Plaintiff also claims that he did not receive the recorded testimony from officers who testified against him in the case numbers 20 JECR0499601 and 20JECR0456401.  (Doc. No. 72).  However, Defendants explain that they requested an expedited transcript of the hearings on September 16, 2022, and that they intend to produce these transcripts to Plaintiff upon receipt.  (Doc. No. 73).  Nevertheless, on November 2, 2022, Plaintiff informed the Court that he has not yet received the requested information.

Finally, Defendants explain that counsel misidentified "Officer Richards" as Deputy Chad Richards.  (Doc. No. 75).  Instead, the correct defendant in this case is Deputy Derek Richard.  Counsel confirmed this mistaken identity after speaking with both officers.  Plaintiff has not responded to this motion, and the time to do so has passed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request for a subpoena, as outlined in his "response to court order" at (Doc. No. 70) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants shall provide a status update indicating whether and when they sent Plaintiff the recorded testimony on or before **November 12, 2022.**

**IT IS FURTHER ORDERED** that Deputy Derek Richard is substituted for Defendant Chad Richards in this case.  The case is dismissed as against Defendant Chad Richards.

Dated this 7th day of November, 2022.

_____
**AUDREY G. FLEISSIG**
**UNITED STATES DISTRICT JUDGE**