UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00061-AGF |
| | ) |
| JEFFERSON COUNTY SHERIFF DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the cross motions for summary judgment of Plaintiff Jesse Bell and Defendant Deputy Christopher Gearon. The parties each argue that they are entitled to summary judgment on Plaintiff's Count I for use of excessive force raised against Defendant Gearon. ECF Nos. 74 and 76. For the reasons set forth below, Defendant Gearon is entitled to judgment as a matter of law, and the Court will deny Plaintiff's motion and grant Defendants' motion as to Count I.

### Procedural Background

Plaintiff first filed a pro se complaint raising claims under 42 U.S.C. § 1983 against the Jefferson County Sheriff's Department. ECF No. 1. The Court dismissed Plaintiff's claims against the Jefferson County Sheriff's Department but permitted Plaintiff to file an amended complaint naming individual officers as Defendants. ECF No. 6.

Plaintiff then filed his Amended Complaint, which raises claims under 42 U.S.C.

§ 1983 against Defendants Jefferson County, Christopher Gearon, David Rosner, Zachary Reed, Officer Richard,[1] Officer Rice, and John Doe.  ECF No. 8.  Only the claims raised against Defendants Gearon, Rosner, Richard, and Rice in their individual capacity remain.  *See* ECF No. 11 (dismissing claims against Defendants Gearon, Rosner, Richard, and Rice in their official capacities and all claims against Defendants Jefferson County, Reed, and Doe).  Plaintiff maintains two claims against the remaining Defendants: Count I for use of excessive force against Defendant Deputy Gearon related to Plaintiff's June 20, 2020, arrest; and Count II for use of excessive force against the other individual Defendants related to Plaintiff's November 15, 2020, arrest.

Plaintiff filed his pro se motion for summary judgement as to Count I without a separate memorandum of law or Statement of Uncontroverted Materials Facts ("SUMF").  ECF No. 74.  Defendant Gearon filed a response in opposition and a response to the facts recited in Plaintiff's motion.  ECF Nos. 84 and 85.  Plaintiff has not filed a reply, and his time to do so has passed.  Defendant filed his motion for summary judgment along with a memorandum of law and a SUMF.  ECF Nos. 76, 77, and 78.  Plaintiff opposed Defendant's motion and Defendant filed a reply.  ECF Nos. 81 and 83.  Both motions are now fully briefed and ripe for disposition.

---

[1]  Plaintiff originally named an "Officer Richards" in his Amended Complaint.  But, at Defendants' request, "Officer Richards" was later substituted for the correct Defendant, Deputy Derek Richard.  ECF No. 80 at 4.

## Factual Background[2]

On June 20, 2020, Defendant Gearon responded to a dispatch call that an Ameren truck had been stolen in Cedar Hill, Missouri. When he arrived at the scene, Defendant observed an Ameren truck stuck in a creek. Defendant contacted dispatch and provided the truck number, which matched the number of the stolen Ameren truck. While Defendant stood on the bridge above the creek, Plaintiff appeared from beneath the bridge. Defendant was in uniform. He identified himself as a Jefferson County officer and ordered Plaintiff to stop. Plaintiff saw Defendant and immediately fled toward his nearby home. Defendant chased Plaintiff through a field and continued to order Plaintiff to stop, but Plaintiff continued to flee. Plaintiff ran to the front door of his home where he was tackled by Defendant into a living room table. Once on the floor, Defendant attempted to arrest Plaintiff, but Plaintiff resisted. Exhausted by the chase, Defendant struck Plaintiff once in an effort to gain Plaintiff's compliance. During the struggle, several individuals unknown to Defendant entered Plaintiff's residence from the front and rear doors, blocking Defendant's exit paths. Defendant drew his department-issued firearm and ordered the individuals to step back, and the individuals complied. At this point, Plaintiff relented, and Defendant was able to place him under arrest. Plaintiff

---

[2] The following facts are taken from Defendant's Statement of Uncontroverted Material Facts ("SUMF") and Plaintiff's motion for summary judgment. ECF Nos. 74 and 78. Defendant does not dispute any of the facts raised in Plaintiff's motion. ECF No. 85. Plaintiff did not file a response to Defendant's SUMF. Accordingly, "[a]ll matters set forth in the [Defendant]'s [SUMF] shall be deemed admitted for purposes of summary judgment" to the extent properly supported by the record. E.D. Mo. L.R. 4.01(E).

suffered minor injuries, including ringing in his ears and bruising on his legs related to the altercation. He did not seek medical treatment. Plaintiff challenges only Defendant's use of force, which he asserts was excessive. This inquiry is independent of whether the officer had the power to arrest the Plaintiff.

## The Parties' Arguments

Plaintiff and Defendant both move for summary judgment on Count I. ECF Nos. 74 and 76. Plaintiff argues in his motion that summary judgment is warranted in his favor because Defendant does not dispute striking Plaintiff during the altercation. ECF No. 74. Plaintiff's motion contains no citation to the record and cites no legal authority outside of the summary judgment standard provided by Federal Rule of Civil Procedure 56(a).

Defendant argues that he is entitled to summary judgment on Count I because (1) although he struck Plaintiff during the arresting incident, as a government official acting within his official capacity, he is entitled to qualified immunity because he did not violate any of Plaintiff's clearly established constitutional rights; and (2) his use of force was reasonable under the circumstances and thus was not excessive. ECF Nos. 76 and 77.

## Legal Standards

### A.  Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden of demonstrating there are no genuine issues of material fact rests on the moving party, and we review the evidence and the inferences

4

which reasonably may be drawn from the evidence in the light most favorable to the nonmoving party." *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015) (citation omitted). To avoid summary judgment, the nonmovant has the "burden of presenting evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in their favor." *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992) (citation omitted). The nonmovant, however, "must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (internal quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).

   B.   **Qualified Immunity**

"Qualified immunity shields government officials from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." *Burbridge v. City of St. Louis*, 2 F.4th 774, 780 (8th Cir. 2021) (internal quotation marks and citation omitted). "Once a defense of qualified immunity is raised, a plaintiff must offer 'particularized' allegations of unconstitutional or illegal conduct." *Conrod v. Davis*, 120 F.3d 92, 95 (8th Cir. 1997) (citation omitted). The Supreme Court has emphasized that "qualified immunity represents the norm," *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982), and its protections

5

extend to "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

When analyzing qualified immunity claims, courts consider two critical factors: (1) whether the alleged facts demonstrate that the public official's conduct violated a constitutional right; and (2) whether the constitutional right was clearly established at the time of the alleged misconduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "A right is clearly established if its contours are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Mitchell v. Shearrer,* 729 F.3d 1070, 1076 (8th Cir. 2013) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). There is no requirement that "the very action in question has previously been held unlawful," but for an official action to violate a clearly established right, the unlawfulness of that action must be apparent in light of pre-existing law. *Anderson*, 483 U.S. at 640. "In other words, the right violated must have been established 'beyond debate.'" *Mendoza v. U.S. Immigration & Customs Enf't*, 849 F.3d 408, 417 (8th Cir. 2017) (citations omitted). Clearly established law "should not be defined at a high level of generality," but instead "must be 'particularized' to the facts of the case." *White v. Pauly*, 580 U.S. 73, 79 (2017) (internal quotation marks and citations omitted). "The plaintiff bears the burden of proving that the law was clearly established." *Hess v. Ables*, 714 F.3d 1048, 1051 (8th Cir. 2013) (citation omitted). If a defendant raises a qualified immunity defense in a summary judgment motion, "the plaintiff must produce evidence sufficient to create a genuine issue of fact regarding whether the defendant violated a clearly established right." *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013).

6

**Excessive Force**

In a Fourth Amendment excessive force case, "the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992)).  To support an excessive force claim, a pretrial detainee must show that force was purposely or knowingly used against him and that such force was objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015).

The reasonableness of a particular use of force depends on the totality of the circumstances.  Factors relevant in evaluating the reasonableness of the force used by the officer include: "the relationship between the need for use of force and the amount of force used; the extent of plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id*. at 397; *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017).  The Court evaluates the "reasonableness of an officer's use of force 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

**Discussion**

The relevant question is whether Defendant's use of force violated Plaintiff's clearly established right under the Fourth Amendment.  If not, Defendant has qualified

immunity as to Count I.  Without citing supporting legal authority, Plaintiff argues that "[n]othing [Defendant] could say could ever justify having someone pinned face down in their home and beating them in their head."  ECF No. 81 at 1.  This is not necessarily true.  Law enforcement officers are permitted to use force in a good-faith effort to obtain compliance, but such force must not be excessive or violate a detainee's clearly-established constitutional right.  *See Brossart v. Janke*, 859 F.3d 616, 625 (8th Cir. 2017) ("Law enforcement officers may use physical force to subdue an arrestee when he fails to comply with orders to lie still during handcuffing") (quoting *Carpenter v. Gage*, 686 F.3d 644, 649 (8th Cir. 2012); *see also Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011) ("Police officers undoubtedly have a right to use some degree of physical force, or threat thereof, to effect a lawful seizure, and reasonable applications of force may well cause pain or minor injuries with some frequency.") (internal citation omitted); *Greiner v. City of Champlin*, 27 F.3d 1346, 1355 (8th Cir. 1994) ("When an arrestee flees or resists, some use of force by the police is reasonable.").  To determine whether Defendant's use of force is excessive, the Court evaluates whether the use of such force was reasonable under the totality of the circumstances.

Considering the totality of the circumstances, Defendant's use of force in arresting Plaintiff was not excessive and did not violate a clear constitutional right.  There is no dispute that Defendant tackled and physically struck Plaintiff during the arresting incident.  Defendant was called to the scene of a potential crime and saw Plaintiff within the immediate vicinity of a vehicle that had been reported stolen.  Defendant identified himself and ordered Plaintiff to stop.  Upon seeing Defendant and recognizing him as a

police officer, Plaintiff fled. Defendant gave chase and continued to order Plaintiff to stop, but Plaintiff continued to flee. Even after Defendant made contact with Plaintiff, Plaintiff continued to resist arrest.

Plaintiff fully admits that he did not comply with Defendant's instructions to stop running and resisting. Defendant struck Plaintiff a single time while Plaintiff was actively resisting arrest. Plaintiff received minor injuries for which he did not seek medical treatment. Plaintiff has not pointed to any evidence in the record or to relevant case law indicating that Defendant acted unreasonably or violated any of Plaintiff's clearly established constitutional rights. Rather, existing case law supports the application of qualified immunity under these circumstances. *See Kelsay v. Ernst*, 933 F.3d 975, 980–82 (8th Cir. 2019) (finding that arresting officer had qualified immunity because law was not clearly established at time of arrest that officer's use of takedown maneuver against detainee who did not heed officer's order to stop was unreasonable— even when takedown maneuver broke detainee's collar bone and caused detainee to briefly lose consciousness); *see also Winters v. Adams*, 254 F.3d 758, 765 (8th Cir. 2001) (holding that officer's single blow to detainee's eye during arresting incident was objectively reasonable under the circumstances where detainee was actively resisting arrest).

Qualified immunity for Defendant Gearon is appropriate in this case. Plaintiff has not established that Defendant's use of a single blow delivered while Plaintiff was actively resisting arrest was a clear violation of Plaintiff's Fourth Amendment rights. Plaintiff's de minimis injuries also supports the finding that Defendant's use of force was

9

de minimis.  *See Chambers v. Pennycook*, 641 F.3d 898, 906 (8th Cir. 2011) (finding that while de minimis injury does not foreclose an excessive force claim, "the degree of injury is certainly relevant insofar as it tends to show the amount and type of force used."); *see also Brossart*, 859 F.3d at 626 ("[T]he infliction of only de minimis injuries supports the conclusion that the officer did not use excessive force.") (citation omitted).  As such, the Court will grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment as to Plaintiff's Count I.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment on Count I for use of excessive force raised against Defendant Deputy Christopher Gearon is **DENIED**.  ECF No. 74.

**IT IS FURTHER ORDERED** that Defendant Deputy Christopher Gearon's motion for summary judgment on Plaintiff's Count I as **GRANTED**.  ECF No. 76.

Dated this 8th day of September, 2023.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE